POLLAK, Acting P. J., Concurring and Dissenting.
I agree with the majority that furloughs are “personal services limitations” within the meaning of the Water and Health and Safety Codes and that the furlough provisions of the Budget Act of 2010 (the Budget Act) (Stats. 2010, ch. 712, § 3.91) do not violate the single-subject requirement of article IV, section 9 of the California Constitution. I also agree with the majority’s interpretation of the word “proportionate” as used in section 3.91 of the Budget Act.[1] However, I disagree that this section requires the “invalidation” of furloughs that have already been taken or that it requires the state to pay compensation to represented employees for furloughs that were taken because other, nonrepresented, employees were not required to take equivalent furloughs as contemplated in the Budget Act.
Although there is no merit to the interpretation that the Attorney General places on the word “proportionate,” there are other problems with plaintiffs’ contention. Initially, section 3.91 of the Budget Act provides that the compensation of nonrepresented employees shall be reduced proportionately to the compensation of represented employees; it does not provide that the compensation of represented employees shall be increased (or that the reduction in their compensation shall be decreased) proportionately to the compensation of nonrepresented employees. Under section 3.91, the nonrepresented employees should have been required to take additional furlough days, but they were not. It is doubtful that the appropriate remedy for this failure under any circumstances would be to reduce the furlough days imposed on represented employees, rather than to compel imposition of the additional furlough days on the nonrepresented employees. Whether or not prospective relief prohibiting imposition of the additional furlough days on the represented employees should have been permitted to stand, it is not possible to undo what has already occurred. At this late date, most of the affected represented employees undoubtedly have used the excess furlough days given them in lieu of wages. The nonrepresented employees did work on what should have been *878 the additional furlough days and were appropriately paid for those workdays. At this late date, it is not possible to set aside furlough days that the represented employees have already taken, and there is no justification for compensating them for days that they did not work. The furloughs were lawfully imposed on these employees; the only deficiency was the failure to impose like furloughs on other employees. (Moreover, such relief is “disproportionate” and inequitable with respect to the nonrepresented employees, who did work on the days that the represented employees did not.) Thus, in my view, the order directing defendants to “set aside as unlawful the second and third unpaid furlough days in March 2011 . . . and take any and all actions required by law to make those employees whole by providing backpay” should be vacated.

 I also have no disagreement with consideration of the Theodore Toppin declarations or of the availability of mandamus relief, were the plaintiffs entitled to such relief on the merits.